IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIEL P. HOWE,

      Plaintiff,

v.                                                    CASE NO. 4:13-cv-308-RH-GRJ

GREG PARKER,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Taylor C.I., is proceeding on his first amended complaint pursuant to 42 U.S.C. § 1983. (Doc. 14.) This case is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff has been granted leave to proceed as a pauper. (Doc. 11.) It is clear from the allegations of the Complaint that it is due to be dismissed. The only named Defendant is Judge Greg Parker, the judge who presided over Plaintiff's state habeas petition in the Third Judicial Circuit court in Taylor County. Plaintiff contends that Judge Parker violated his constitutional rights by negligently dismissing the petition and "refusing to discharge his duties and obligation that he is bound by oath to uphold." For relief, Plaintiff requests $300,000 in monetary damages for each violation, totaling $1.5 million. Plaintiff avers that he will only seek $350 in damages "if this Court finds that he has restored his honor, and has faithfully abides and performs his duties under his oath of office." (Doc. 14.)

Because the complaint challenges the conduct of a judge during the performance of his duties , Plaintiff's claims against the Defendant are barred by the

doctrine of absolute judicial immunity. It is well settled law that judges are "entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11ᵗʰ Cir. 2000) (internal citations omitted). It is evident that the conduct about which Plaintiff complains involved the Defendant's actions as a judge during Plaintiff's state habeas corpus proceeding. Thus, absolute judicial immunity applies to all of the Defendant's judicial actions, even if "the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) the Court "shall dismiss the case ... if the court determines that- the action ... seeks monetary relief against a defendant who is immune from such relief." Additionally, the screening procedures required by 28 U.S.C. § 1915A provide that "[O]n review .. the court shall dismiss the complaint, if the complaint [ ] seeks monetary relief from a defendant who is immune from such relief." As such, where as here, suit is brought against a judicial officer who enjoys absolute immunity, the Court is required to dismiss the case and there is no reason to afford the litigant a further opportunity to amend, even though the plaintiff is proceeding *pro se*.[1]

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because Plaintiff seeks monetary relief against a defendant who is immune from suit.

**IN CHAMBERS**, at Gainesville, Florida, this 12ᵗʰ day of September 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] In the Court's June 6, 2013 Order (Doc. 3) the Court already granted Plaintiff an opportunity to amend.

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.